## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | 09-20516 |
| | ) | |
| **LEONARD & THERESA** | ) | Chapter 13 |
| **GABRYS,** | ) | |
| Debtor(s). | ) | Judge Jacqueline Cox |

## NOTICE OF FILING

*To the following persons or entities who were served via electronic mail by the Bankruptcy Court:*

William T. Neary, U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov

Tom Vaughn, Ch. 13 Trustee: ecf@tvch13.net, ecfchi@gmail.com, courtmail@tvch13.net

*To the following persons or entities who were served via regular U.S. Mail:*

Leonard and Theresa Gabrys, 7021 Hawthorne Lane, Hanover Park, IL 60133

## PROOF OF SERVICE

The undersigned does hereby certify that copies of this Notice and Brief in Support of Debtor's Motion to Allow Power of Attorney were served to the above persons or entities, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, with proper postage prepaid, or served electronically by the Bankruptcy Court, before 5:00 p.m. on July 27, 2006.

_____/s/ Vipul A. Desai_____

Vipul A. Desai, A.R.D.C. #6273360
Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, Il 60090
847/ 520-8100

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **09-20516** |
| **LEONARD & THERESA** | ) | |
| **GABRYS,** | ) | **Chapter 13** |
| | ) | |
| Debtors. | ) | **Judge Jacqueline Cox** |
| | ) | |

Brief in Support of Debtor's Motion to Allow Power of Attorney

I.      FACTS

The debtors, Leonard Gabrys and his wife Theresa Gabrys, filed for Chapter 13

bankruptcy protection on June 5, 2009.  Mr. Gabrys is over 65 years of age, retired, and his

income comes from Social Security and his pension.  Mrs. Gabrys is 73 years of age, retired, and

receives Social Security benefits as her only source of income.  Mrs. Gabrys suffers from

Chronic Obstructive Pulmonary Disease (COPD) and substantial mobility problems, as well as

bouts of dementia, and as a result, requires near-constant medical attention and care.  Her

condition is such that even regular household tasks are difficult.

Mr. Gabrys has been handling the couple's financial matters for a considerable period of

time.  On July 21, 2009, Mrs. Gabrys executed a duly authorized and notarized Power of

Attorney, appointing her husband (and bankruptcy co-debtor) Leonard Gabrys as her power of

attorney.  The Power of Attorney gave him authorization to, among other things, proceed with

their bankruptcy on her behalf, including appearing and testifying on her behalf at the §341

Meeting of Creditors.

The original §341 Meeting of Creditors was scheduled on July 6, 2009, and was later

continued to August 27, 2009.  The status of the §341 Meeting of Creditors is still pending.

1

II.   ISSUES

The primary issue here is whether the debtors are required to attend the §341 Meeting of

Creditors.  The second issue is whether a Power of Attorney may testify on the debtor's behalf at

a §341 Meeting of Creditors.

III.   LAW

Bankruptcy Code §343 states: "The debtor shall appear and submit to examination under

oath at the meeting of creditors under section 341(a) of this title."  11 U.S.C. §343.  Some

jurisdictions have read §343 literally, finding the debtor's attendance of the §341 Meeting of

Creditors as mandatory.  See *In re Import Toy Sales, Inc.,* 41 B.R. 784 (Bankr.S.D.Fla. 1984); *In*

*re Fulton,* 52 B.R. 627 (Bankr.D.Utah 1985); *In re Martin,* 12 B.R. 319 (Bankr.S.D.Ala. 1981).

However, other jurisdictions have concluded otherwise. Under exceptional

circumstances, some bankruptcy courts excused a debtor from being present at the §341 Meeting

of Creditors.  In the case of *In re Vilt,* the United States Bankruptcy Court for the Northern

District of Illinois took that position, excusing a debtor from attending the §341 Meeting of

Creditors due to ill health.  56 B.R. 723 (Bankr.N.D.Ill. 1986).  *In re Vilt* was a combined

discussion of two cases, *In re Vilt* and *In re Moore.*  In *Moore,* the debtors were a married

couple.  The husband was unable to attend the §341 Meeting of Creditors because he had just

been released from the hospital and still suffered physical and psychological ailments that

required a nurse's care.  *Id.* at 724.  The Court, upon debtors' Motion, waived Mr. Moore's

attendance of the §341 Meeting of Creditors completely.  Under the standard articulated in *Vilt,*

when a debtor cannot be present due to serious illness or other reasons beyond the control of the

debtor, the Court may excuse the absence of the debtor from the §341 Meeting of Creditors.  *Id.*

2

at 725. The Court in *Vilit* recognized the crucial role of the §341 Meeting of Creditors in the

bankruptcy process in proving an opportunity to directly examine the debtors, but found that the

"examination of a co-debtor, close relative, or business partner may be sufficient." *Id.*

Stated simply, *Vilt* provides that, when a co-debtor or other party suffices for the §341

Meeting of Creditors and the debtor cannot, for reasons beyond his or her control, attend, the

Court may excuse the debtor's absence. As discussed in *Vilt*, "When a literal reading of a statute

would defeat the statute's purpose or cause extreme hardship, the language may be read to be

harmonious with the statute's purpose." *Id.* at 725, discussing *In re Stewart*, 14 B.R. 959, 960

(Bankr.N.D.Ohio 1981). The purpose of the bankruptcy code, to provide fresh starts to honest

but unfortunate debtors, would be thwarted if a debtor, unable to attend a §341 Meeting of

Creditors due to serious illness or other reasons beyond the control of the debtor, would

effectively be denied bankruptcy protection.

There is little authority to guide the issue of whether a Power of Attorney may testify on

a debtor's behalf at the §341 Meeting of Creditors, but what there is supports that contention. In

the case of *In re Sullivan*, the bankruptcy Court allowed the testimony of the Power of Attorney.

30 B.R. 781 (Bankr.E.D.Penn. 1983). In *Sullivan*, the debtor had taken certain religious vows

and became a monk. *Id.* at 782. He was subsequently assigned by his order to Holland. *Id.* The

debtor executed a Power of Attorney that gave his brother certain authority, including the

authority to sell real property. *Id.* The Power of Attorney was later expanded to include

authority to file for bankruptcy. *Id.* The Court in that case ruled that the Power of Attorney

could testify at the §341 Meeting of Creditors, and that such testimony would be sufficient to

grant bankruptcy relief. *Id.* The Court based its ruling on the equitable nature of the bankruptcy

courts, as bankruptcy courts are ultimately courts of equity, and some situations require

individual remedies to accomplish equitable relief. *Id.*

Due diligence and inquiry revealed no authority to support or refute the position requiring

the appointment of a guardian to testify for a debtor at a §341 Meeting of Creditors.

IV.   DISCUSSION

The situation in the case at bar is analogous to the situation in *In re Moore*, as discussed

in *Vilt*. Mrs. Gabrys is elderly and unable, without extreme hardship, to testify at the §341

Meeting of Creditors.  Her mobility problems make even basic tasks impossible, let alone the

travel and strain that would be required if she were forced to attend and testify at the §341

Meeting of Creditors.  Given Mrs. Gabrys mental condition, her testimony would be superfluous

and would yield no more information that her husband could provide.  Mr. Gabrys has been

handling the couple's financial affairs for a considerable period of time, and his understanding of

those affairs is full and complete.

In some circumstances, bankruptcy courts can and have excused a debtor from attending

a §341 Meeting of Creditors.  While those circumstances are rare and exceptional, they are met

in this case.  To require Mrs. Gabrys to attend the §341 Meeting of Creditors, when her

attendance would not improve the quality of the examination while causing her extreme

hardship, would be to thwart the purpose and intent of the bankruptcy code as well as to

undermine the equitable nature of bankruptcy relief, and would, as a practical matter, deny Mrs.

Gabrys bankruptcy relief.

The contention that a guardianship would be required to exempt Mrs. Gabrys from

testifying overlooks practical and technical aspects of guardianship, and in any event there is no

4

authority to support a requirement as drastic as guardianship to excuse a debtor from testifying at

a §341 Meeting of Creditors.

Alternatively, Mr. Gabrys could be allowed to testify as Mrs. Gabrys's Power of

Attorney. From a practical standpoint, that would amount to excusing Mrs. Gabrys from

attending the §341 Meeting of Creditors, as the Power of Attorney is also a co-debtor in this

case. However, as discussed in *Sullivan*, the Courts can and have allowed Powers of Attorney to

testify on behalf of an absent debtor. If one looks at hardship as the measure, Mrs. Gabrys may

as well be cloistered in Holland like the monk in *Sullivan*, based on the weight of the hardship

she would have to undergo to testify at the §341 Meeting of Creditors.

In conclusion, the equitable nature of the bankruptcy courts and the nature of bankruptcy

relief provide for a policy-based exception to the mandatory language of §343. By reading §343

in harmony with the purpose and intent of the bankruptcy code, exceptions to the mandatory

language have been found. Those situations are admittedly rare, but based on Mrs. Gabrys

physical and mental condition, this case is one of those situations. To deny the Motion and

require Mrs. Gabrys to submit to examination at the §341 Meeting of Creditors would be to deny

her bankruptcy relief.

                                                      /s/  Charles Shepard

                                              Charles Shepard,
                                              Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, Il  60090
847/ 520-8100

5